No. 17,772.

HART-BARTLETT-STURTEVANT GRAIN COMPANY *v.*
H. T. BURTON, ET AL.

No. 17,773.

HIGH PLAINS GRAIN COMPANY *v.* H. T. BURTON, ET AL.
(297 P. [2d] 267)

Decided May 14, 1956.

■■■■■■■■■■■■■■

Messrs. GRANT, SHAFROTH & TOLL, Mr. FRANK H. SHAF-
ROTH, Messrs. BLACKMAR, EAGER, SWANSON, MIDGLEY &
JONES, Mr. CHARLES B. BLACKMAR, for plaintiffs in error.

Mr. HOWARD M. SCHMIDT, Mr. WARREN E. SCHMIDT, for
defendants in error.

*En Banc.*

MR. JUSTICE KNAUSS delivered the opinion of the
Court.

THESE cases were consolidated for trial in the district
court and from adverse judgments plaintiffs in error, to
whom we shall refer as plaintiffs, bring the action here
for review on writ of error. Identical questions are
involved concerning the valuation placed by the assessor
of Baca County, Colorado, on the respective elevators
owned by plaintiffs.

Both cases involve a contest of the 1952 assessment
of general real property taxes against the elevator prop-
erties of plaintiffs. Protest was made in each case to the
County Assessor under provisions of Chapter 191, S.L.
Colo. '53, which permitted protest of 1952 assessments
during the year 1953. The protests were denied by the
County Assessor and appeal was taken to the Board of
County Commissioners. After hearing before that Board
the relief demanded was denied. Thereafter and prior
to January 1, 1954, notice of appeal to the district court
was filed.

On January 4, 1954, complaints denominated "An
Appeal from the Decision of the Board of County Com-
missioners of Baca County, Colorado" were filed in the
district court setting forth the proceedings before the
Board of County Commissioners; that relief had been

denied the plaintiffs and that the 1952 assessment of their respective properties was manifestly erroneous, oppressive and "results in an excessive and discriminatory valuation" not the result of fair, impartial and honest judgment. It was alleged that the taxes levied for the year 1952 had been paid under protest by the plaintiffs and they prayed that the court ascertain and fix the proper assessed valuation of the property; find the proper amount of tax which was due for the year 1952 and order the refund of any excess paid under protest by the plaintiffs.

The defendants filed motions to dismiss the appeals for the reason that such appeals were not authorized by statute. These motions were initially overruled by the trial judge, but on trial of the consolidated actions he held that the court had no power to review the decision of the Board of County Commissioners, and also held that plaintiffs had failed to meet the burden of proof by showing that the assessment was manifestly fraudulent, erroneous or oppressive.

It is here contended by counsel for plaintiffs that the district court had jurisdiction to hear and determine the matters involved, and secondly that plaintiffs introduced sufficient evidence to enable the trial court to make findings of fact "to the effect that the increases were manifestly erroneous or oppressive."

Under Chapter 191, S.L. Colo. '53, proceedings were authorized for a redetermination of assessed valuations of property under the broad reappraisal program put into effect by the Colorado Tax Commission. The petition for such redetermination could be presented to the County Assessor and if denied in whole or in part by him, could be appealed to the Board of County Commissioners. Pursuant thereto plaintiffs filed their petitions for a reappraisal. The Assessor and the Board of County Commissioners denied relief. The actions in the district court followed.

Chapter 191, S.L. Colo. '53, is specific in its terms.

Section 1 (d) provides: "The valuation set by the assessor, or if an appeal is taken, the valuation set by the Board of County Commissioners, shall be the valuation upon which the taxes shall be ascertained. * * *"

Plaintiffs proceeded under this Act, which obviously was intended by the General Assembly to give a property owner an opportunity to demonstrate if possible to the assessor, and, on appeal, to the Board of County Commissioners, that "his property, or any parcel thereof, has been assessed too high" under the 1952 appraisal.

In *Northcutt, et al. v. Burton, County Assessor, et al.* 127 Colo. 145, 254 P. (2d) 1013 complainants sought judgment "declaring said 1952 reappraisal of Baca County property illegal and void and of no force or effect" and that another 1952 appraisal of all property in said county be ordered and consummated according to law for the collection of taxes in 1953. We there said: "The term 'erroneous assessment' as used in this section [Section 281, chapter 142, '35 C.S.A.] implies more than mere overassessment and refers to a tax levy that for any reason is wholly illegal or invalid." *First National Bank of Greeley, v. Patterson,* 65 Colo. 166, 176 Pac. 498; *South Broadway National Bank v. Denver,* 51 F. 2d 703. We held in the Northcutt case that the Tax Commission is authorized to direct county commissioners to remit taxes "found to be illegally assessed" and that it has authority to correct errors appearing in the tax rolls of any county. It was there said: "These are sweeping and broad powers, and the authority of the commission to make all proper adjustments for the equalization of valuations in the interest of uniformity of taxation far exceeds that of any other civil or administrative agency. * * * where a broad reappraisal program is put into effect under its supervision, no special notice of any kind need be given any particular individual, whether his tax be increased or lowered. *People ex rel Colorado Tax Commission v. Pitcher,* 56 Colo. 343, 373, 138 Pac. 509." The Northcutt case was an original proceeding in this

court and we held that we had no jurisdiction to entertain the petition.

Citizens of Pueblo, Colorado challenged the tax reappraisal made in 1952 in *Citizens' Committee for Fair Property Taxation, et al. v. Warner, et al.* 127 Colo. 121, 254 P. (2d) 1005. We there held that petitioners were not entitled to the relief sought.

When the General Assembly by the 1953 Act provided an additional method of review of 1952 assessments after the normal time allowed for review had expired, did the Legislature intend that the decision of the Board of County Commissioners should be final? Or stated otherwise, can we spell out of the special 1953 Assembly that the owner of property should have in addition to the special relief afforded, an appeal to the district court for a review of the action of the Board of County Commissioners? We believe that the first of these inquiries must be answered in the affirmative, and the second in the negative. Nothing is said in the statute about a review in the district court. The 1953 Act provided that the appeal to the Board of County Commissioners should be determined before September 15, 1953. No further appeal is provided for nor is any further proceeding mentioned in the Act. To sustain the position of counsel for plaintiffs we would have to read something into the special remedial Act of 1953. This, we cannot do. We must, therefore, conclude that the district court acquired no jurisdiction to hear and determine the matters involved in the consolidated cases.

The remedial act which governed these cases related only to the 1952 assessment. Any protests or objections to subsequent assessments were not covered by the 1953 Act, which by its terms expired in that year.

The judgments are affirmed.

MR. JUSTICE CLARK not participating.